**Lansing, Michigan**

# Opinion

Chief Justice:            Justices:

Robert P. Young, Jr.     Michael F. Cavanagh
                         Marilyn Kelly
                         Stephen J. Markman
                         Diane M. Hathaway
                         Mary Beth Kelly
                         Brian K. Zahra

FILED MAY 17, 2011

S T A T E   O F   M I C H I G A N

SUPREME COURT

ATTORNEY GENERAL,

      Plaintiff,

v                                                   No. 142550

HUGH CLARKE,

      Defendant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

Defendant, Judge Hugh Clarke, was appointed to the 54-A District Court by former Governor Jennifer Granholm. The Attorney General claims that defendant is not entitled to hold office beyond January 1, 2011, and brought this quo warranto action to oust defendant. See MCL 600.4505(1); MCL 600.4515. Having assumed jurisdiction over this action and having heard oral argument, we hereby dismiss plaintiff's complaint.

In November 2004, Judge AMY KRAUSE of the 54-A District Court was elected to a six-year term of office beginning on January 1, 2005. In November 2010, Judge

KRAUSE was reelected to another six-year term that was to begin on January 1, 2011. However, on November 23, 2010, Governor Granholm appointed Judge KRAUSE to fill a vacancy on the Court of Appeals. Judge KRAUSE resigned from the 54-A District Court effective December 13, 2010, and Governor Granholm appointed defendant to the position on December 20, 2010, effective December 22, 2010. Governor Granholm's term of office as governor ended on January 1, 2011.

The Attorney General brought a quo warranto action in the Court of Appeals, claiming that defendant is not entitled to remain in office beyond the term of office to which he was appointed—that is, beyond January 1, 2011—and that the Governor is not entitled to fill a judicial vacancy for a term that does not begin until after the Governor leaves office. We granted defendant's application to bypass consideration of the matter by the Court of Appeals and assumed jurisdiction over the action. 488 Mich 1052 (2011); see MCR 7.302(C)(1).

We conclude the following:

(1) A judicial vacancy "shall be filled by appointment by the governor." Const 1963, art 6, § 23.

(2) The resignation of Judge KRAUSE created a vacancy on the 54-A District Court. *Id*. ("A vacancy shall occur . . . in the district court by . . . resignation . . . .").

(3) "The person appointed by the governor shall hold office until 12 noon of the first day of January next succeeding the first general election held after the vacancy occurs . . . ." *Id*.

(4) Michigan law defines "general election" as "the election held on the November regular election date in an even numbered year," MCL 168.2(h), and sets the

2

November regular election date as "the first Tuesday after the first Monday in November," MCL 168.641(1)(d). Accordingly, in this case, the "first general election held after the vacancy occurs" falls on Tuesday, November 6, 2012.

(5) Therefore, defendant "shall hold office until 12 noon" on January 1, 2013. Const 1963, art 6, § 23.

(6) The argument of plaintiff that an absurd result could conceivably arise under this Court's interpretation of Const 1963, art 6, § 23 in circumstances not presented in this case raises an abstract issue that is not properly before this Court.

(7) Although we rule in favor of defendant, his argument that it is inconsistent with Const 1963, art 6, § 4 for this Court to issue a writ of quo warranto to oust a judge from office does not represent the law of this state, see *In re Servaas*, 484 Mich 634; 774 NW2d 46 (2009), and this argument confuses judicial removal for reasons of misconduct with a determination that a person is not lawfully entitled to hold judicial office.

The plain language of article 6, § 23 operates to allow an appointee to hold office for two separate terms when the second term begins before "12 noon of the first day of January next succeeding the first general election held after the vacancy occurs." Thus, contrary to plaintiff's position and the conclusion of a plurality of justices in *Attorney General v Riley*, 417 Mich 119; 332 NW2d 353 (1983), article 6, § 23 is a "holdover" provision. While we understand why plaintiff relied on *Riley* in support of his position that Judge Clarke should be treated in the same manner as Justice RILEY and not be permitted to remain on the bench beyond the end of the term during which he was originally appointed, *Riley* does not control the outcome of today's case because it is a

3

plurality decision,[1] and the several rationales articulated in support of the plurality result are inconsistent with article 6, § 23. Accordingly, we hereby repudiate the *Riley* plurality opinion on the ground that it is inconsistent with the constitution of this state.

Because defendant is entitled under article 6, § 23 to hold the office of 54-A District Judge until January 1, 2013, we hereby dismiss plaintiff's action for quo warranto. Pursuant to MCR 7.317(C)(3), we direct the Clerk of the Court to issue the judgment order forthwith.

Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

---

[1] "[D]ecisions in which no majority of the justices participating agree with regard to the reasoning are not an authoritative interpretation under the doctrine of state decisis." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 206 n 7; 731 NW2d 41 (2007), citing *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976).

4

S T A T E   O F   M I C H I G A N

SUPREME COURT

ATTORNEY GENERAL,

      Plaintiff,

v

No.  142550

HUGH CLARKE,

      Defendant.

CAVANAGH, J. (*concurring*).

    I concur in the majority result dismissing the complaint for quo warranto, but only because I believe that there is no conflict between the statutes authorizing "holdovers" for district court judges and the Michigan Constitution.  Specifically, MCL 168.467m(1) provides that "[i]f a vacancy occurs in the office of district judge, the governor shall appoint a successor to fill the vacancy" who "shall hold office until 12 noon of January 1 following the next general November election at which a successor is elected and qualified."  Additionally, MCL 168.467i provides that the term of office for a district judge "shall be 6 years" and "shall continue until a successor is elected and qualified." These statutes clearly authorize holdovers for district judges and do not conflict with Const 1963, art 6, § 23.  Therefore, defendant is entitled to hold office until noon on January 1, 2013.

                           Michael F. Cavanagh
                           Marilyn Kelly